IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILBUR DEISHER, | ) | |
| | ) | |
| Plaintiff, | ) | IN RE: ASBESTOS LITIGATION |
| | ) | |
| vs. | ) | NO: 08 cv 2274 |
| | ) | |
| RAPID AMERICAN CORP., et al. | ) | |
| | ) | Judge Kennelly |
| | ) | Magistrate Judge Ashman |
| Defendants | ) | |
| | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW BY DEFENDANT PFIZER, INC.

NOW COMES Defendant, PFIZER, INC, (hereinafter "PFIZER") by its attorneys, Edward Ruff, III and Paul A. Ruscheinski, and PRETZEL & STOUFFER, CHARTERED, for its answer to Plaintiff's Complaint at Law states as follows:

### COUNTS 1 - 72

The allegation of Counts 1 - 72 are not directed to this Defendant, and, therefore, no response is required. To the extent that any of the allegations contained therein can be interpreted as being directed against Defendant, Pfizer, they are specifically denied.

WHEREFORE, the Defendant, Pfizer, prays for judgment in its favor and against Plaintiff, WILBUR DEISHER, for its costs and such other relief and further relief as the Court deems necessary and proper.

### COUNT 73

1. Pfizer denies each and every allegation contained in paragraph one of Count 73 of Plaintiff's Complaint At Law.

2. Pfizer lacks sufficient information to form a belief as to the truth of the allegation contained in Paragraph two of Count 73 of Plaintiff's Complaint At Law, except admits that it manufactured and supplied Firex Navy Ammunition Protector Intumescent Coating.

3. Pfizer does not contest the jurisdiction of this Court over it in this action.

4. Pfizer lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph four of Count 73 regarding WILBUR DEISHER's employment and therefore denies same. Pfizer denies the remaining allegations contained in paragraph four of Count 73 of Plaintiff's Complaint At Law.

5. Pfizer lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph five of Count 73 of Plaintiff's Complaint At Law, and therefore denies same.

6. Pfizer denies each and every allegation contained in paragraph six of Count 73 of Plaintiff's Complaint At Law.

7. Pfizer denies each and every allegation contained in paragraph seven of Count 73 of Plaintiff's Complaint At Law.

8. Pfizer denies each and every allegation contained in paragraph eight of Count 73 of Plaintiff's Complaint At Law.

9. Pfizer denies each and every allegation contained in paragraph nine, including subparagraphs (a) through (i), of Count 73 of Plaintiff's Complaint At Law.

10. Pfizer denies each and every allegation contained in paragraph ten of Count 73 of Plaintiff's Complaint At Law.

11. Pfizer lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph eleven of Count 73 of Plaintiff's Complaint At Law, and therefore denies same.

WHEREFORE, the Defendant, Pfizer, moves this Court for judgment in its favor and against Plaintiff, WILBUR DEISHER, for its costs of suit, and for such other relief as this Court deems appropriate.

## **COUNTS 74 - 76**

Counts 74 - 76 of Plaintiff's Complaint At Law are not directed against and do not seek relief from Pfizer and therefore, Pfizer makes no answer to the same. To the extent that any of the allegations contained therein can be interpreted as being directed against Pfizer, they are specifically denied.

WHEREFORE, the Defendant, PFIZER, moves this Court for judgment in its favor and against Plaintiff, WILBUR DEISHER, for its costs of suit, and for such other relief as this Court deems appropriate.

THIS DEFENDANT DEMANDS TRIAL BY JURY

PFIZER, INC.

By:/s/Paul A. Ruscheinski
One of the Attorneys for Defendant
Pfizer, Inc.
Edward B. Ruff, III, Esq. ARDC # 618332
Paul A. Ruscheinski, Esq. ARDC # 6279731
One South Wacker Drive, Suite 2500
Chicago, Illinois 60606
(312) 346-1973

## AFFIDAVIT OF INSUFFICIENT KNOWLEDGE

Paul A. Ruscheinski, being first duly sworn on oath, deposes and states that he is one of the attorneys for the defendant, Pfizer, that he is authorized to make this affidavit on its behalf and that as to matters where it is alleged in the foregoing Answer that such defendant is without knowledge sufficient to form a belief, said allegations of want of knowledge are true and correct to the best of his knowledge and belief.

By:/s/Paul A. Ruscheinski
One of the Attorneys for Defendant
Pfizer, Inc.
Edward B. Ruff, III, Esq. ARDC # 618332
Paul A. Ruscheinski, Esq. ARDC # 6279731
One South Wacker Drive, Suite 2500
Chicago, Illinois 60606
(312) 346-1973

## AFFIRMATIVE DEFENSES

Without prejudice to its specific denials of the allegations of Plaintiff's Complaint At Law, Pfizer for its Affirmative Defenses, without waiver to the obligations of Plaintiffs to prove each and every element of their claims, and pleading in the alternative, state as follows:

1. Plaintiff's Complaint at Law fails to state a claim against Defendant, Pfizer upon which relief may be granted.

2. Plaintiff has failed to join all necessary parties.

3. Each and every cause of action which Plaintiff attempts to plead is barred by the statute of limitations and statute of repose applicable under Illinois law to causes of action sounding in negligence and products liability.

4. The injuries allegedly sustained by Plaintiff, if any, were proximately caused by his free and voluntary acts of knowing and voluntarily placing himself in a position of danger and thus assuming the risks ordinarily incident to such acts. The risks incident to Plaintiff's actions were open, obvious, apparent, and actually known to him and the conditions described in the Complaint at Law and the injury and damage, if any, sustained by Plaintiff were proximately caused by his assumption of such risks and such conduct bars Plaintiff's causes of action and any recovery by reason of Plaintiff's Complaint at Law.

5. Plaintiff's claims are barred by operation of the doctrine of estoppel.

6. The negligent acts and/or omissions of Plaintiff were the sole proximate cause or a proximate contributing cause of the injuries and damages complained of. Plaintiff's contributory negligence in this instance exceeds 50% of the proximate cause of his alleged injuries for which he seeks recovery, and Plaintiff is therefore barred from recovering any damages herein.

7. Plaintiff's alleged damages were negligently caused in whole or in part by persons, firms, corporations, or entities other than those parties before this Court and such negligence either bars or comparatively reduces any possible recovery by Plaintiff. The alleged injuries and damages were the result of the plaintiff's sole negligence.

8. This Defendant is not jointly and severally liable in that the fault of this Defendant, if any, was less that 25% of the total fault attributable to all parties. Illinois Code of Civil Procedure, Article 2-1117.

9. If Plaintiff suffered damages as a result of the allegations set forth in the Complaint at Law, then those damages are not sustained by any conduct of this Defendant, but rather were the result of the intervening or superseding acts or omission of others for which acts or omissions this Defendant can in no way be held liable.

10. If any of the allegations of Plaintiff with respect to the defective condition of asbestos or asbestos products are proven, then Plaintiff is barred from any recovery due to the fact that there was no known substitute for asbestos or asbestos products.

11. The state of the medical and scientific knowledge and the published literature and other materials reflecting said state of the medical art at all times pertinent hereto was such that this Defendant neither knew nor could have known that their asbestos-containing insulation products, if any, presented a foreseeable risk of harm to Plaintiff in the normal and expected use of these products according to the law in full force and effect at the time of the transactions complained of. The methods, standards and techniques of designing, manufacturing, or selling any asbestos-containing products sold, manufactured or designed by this Defendant, if any, were performed in conformity with the generally recognized state of the art existing at the time such products were manufactured, designed, and/or sold, if any, by this Defendant and placed in the stream of commerce.

12. If Plaintiff sustained injuries and damages as a result of the exposure to any product manufactured by certain of this Defendant, as alleged in the Complaint at Law, which this Defendant denies, the amount of any such exposure and any attributable to Plaintiff's alleged injuries and damages was and is negligible in degree and amount, and, hence, *de minimis*; therefore, this Court should give no cognizance thereto and should deny Plaintiff any recovery against this Defendant.

13. This Defendant is not liable for any product complained of which was manufactured pursuant to specifications issued by the United States Government.

14. This Defendant avers that the product(s) in question were manufactured /supplied in accordance with Government specifications.

15. If Plaintiff suffered damages as a proximate result of any condition of a product manufactured, distributed, or sold by this Defendant, which this Defendant denies, then any such product would have been supplied to an employer of such Plaintiff which employer was knowledgeable and a sophisticated user of said products with adequate warnings or instructions, or with the knowledge of such information contained in said warnings, and thus this Defendant had no further legal duty to warn or instruct Plaintiff.

16. Recovery by the Plaintiff is barred in whole or in part by the doctrine of laches.

17.    This Defendant avails itself and adopts such defenses as have been arranged by any of the Defendants to this proceeding as may be applicable to the Complaint at Law.

                                                By:/s/Paul A. Ruscheinski
                                                One of the Attorneys for Defendant
                                                Pfizer, Inc.
                                                Edward B. Ruff, III, Esq. ARDC # 618332
                                                Paul A. Ruscheinski, Esq. ARDC # 6279731
                                                One South Wacker Drive, Suite 2500
                                                Chicago, Illinois 60606
                                                (312) 346-197

## CERTIFICATE OF SERVICE

PLEASE TAKE NOTICE that on the 25th day of April, 2008, we have electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF System, Defendant Pfizer, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint at Law, and Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic system.

<u>Attorneys for Plaintiff</u>
Daniel T. Ryan
Cooney & Conway
120 N. Lasalle, 30 F
Chicago, IL 60602

<u>Attorneys for AO Smith Corp & Kelly Moore Paint Co.</u>
WILSON ELSER MOSKOWITZ
120 N LASALLE ST
CHICAGO IL, 60602

        Respectfully submitted,

        PRETZEL & STOUFFER, CHARTERED

        By:/s/Paul A. Ruscheinski
        One of the Attorneys for
        Pfizer, Inc.
        Edward B. Ruff, III, Esq. ARDC # 618332
        Paul A. Ruscheinski, Esq. ARDC # 6279731
        One South Wacker Drive, Suite 2500
        Chicago, Illinois 60606
        (312) 346-1973
        Pruscheinski@pretzel-stouffer.com